IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:14-cv-00287-F

| | | |
|---|---|---|
| THE STATE OF NORTH CAROLINA, | ) | |
| | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| KARLA BURKE. | ) | |
| | ) | |

This matter is before the court on the Notice of Removal [DE-1] and Motion to Dismiss [DE-3] filed by the United States, on behalf of Karla Burke.

This case arises out of an apparent altercation between Karla Burke, the Postmaster in Supply, North Carolina, and her subordinate employee, Lisa Robbins, and Robbins' mother, Sharon Sing Fields. According to the United States, Robbins and Fields met with Burke to discuss Robbins' need for time off for medical issues, during which Robbins began swearing and yelling at Burke. Notice of Removal [DE-1] ¶¶ 6-7. Burke instructed Robbins and Fields to leave her office. When she attempted to close and lock her office door, Fields kicked the door open, which hit Burke, and then put up her arm to keep the door open. Burke again told Robbins and Fields they needed to leave, and reached to remove Fields' arm from against the door. Robbins screamed at Burke to not hit her mother. Burke explained that she did not hit Fields. Both Fields and Robbins left. *Id.* at 7.

Later that day, Fields filed a criminal summons for assault, a class 2 misdemeanor pursuant to N.C. Gen. Stat. § 14-33(a) in the General Court of Justice, District Court Division, Brunswick County North Carolina (Docket No. 14-CR-055809) against Burke, alleging that Burke assaulted her by "grabbing her arm." Notice of Removal [DE-1] ¶¶ 1, 8; Ex. 1 [DE-1-2]. Burke was served with the summons on December 2, 2014. Notice of Removal [DE-1] ¶ 2. The

United States, on Burke's behalf, filed the Notice of Removal on December 12, 2014, asserting it "is timely pursuant to 28 U.S.C. § 1446(b)(2)(B)" and moved to dismiss the claims against Burke. *Id.*

The United States' basis for jurisdiction in this court is 28 U.S.C. § 1442(a)(1), which provides:

> (a) a civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place where it is pending:
> (1) the United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title, or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1). Suits against federal officers are an exception to the "well-pleaded complaint" rule. *Jefferson County v. Acker*, 527 U.S. 423, 431 (1999). "Under the federal officer removal statute, suits against federal officers may be removed despite the nonfederal cast of the complaint; the federal-question element is met if the defense depends on federal law." *Id.* To qualify under section 1442(a)(1), a defendant must (1) be an officer of the United States *or* a person acting under an officer of the United States; (2) show a nexus or "causal connection" between the alleged conduct and the official authority; and (3) have a colorable federal defense. *See In re MTBE Prods. Liability Litigation*, 488 F.3d 112, 124 (2d Cir. 2007); *Virden v. Altria Group, Inc.*, 304 F. Supp. 2d 832, 843 (N.D.W.Va. 2004).

The United States filed this Notice of Removal as a civil action, and references 28 U.S.C. § 1446 in the Notice of Removal. That statute governs the procedure for the removal of civil proceedings. This, however, is a removal of a criminal proceeding. Accordingly, the Clerk of

Court is DIRECTED to open a new criminal case and transfer all documents in this case to the new criminal action. The Clerk of Court is FURTHER directed to close the civil case.

The court finds that the provisions of 28 U.S.C. § 1455, which provide the procedures for the removal of criminal proceedings, are applicable to this action. The court further finds that the United States timely filed its notice of removal. *See* 28 U.S.C. § 1455(b)(1). The court has reviewed the Notice of Removal in this action does not find that summary remand is warranted. Accordingly, pursuant to 28 U.S.C. § 1455(b)(5), the court ORDERS that an evidentiary hearing shall be held and DIRECTS the Clerk of Court to set this matter for an evidentiary hearing on July 10, 2015, at 2:00 p.m. or as soon thereafter as the court may reach it. The United States shall be prepared to present admissible evidence supporting its basis for this court exercising jurisdiction over the matter and its motion to dismiss the prosecution.

The Clerk of Court is further DIRECTED to mail a copy of this order to Jon David, at the address on file with the court. The Clerk of Court has previously notified Mr. David of the need to file a Notice of Appearance. *See* December 15, 2014, Letter [DE-5-1]. The court now DIRECTS Mr. David to file a Notice of Appearance within 7 days of the filing date of this order. The court further DIRECTS Mr. David to file a notice within 14 days of the filing date of this order which states whether he intends to contest the United States' motion to dismiss.

The court ORDERS that Mr. David is exempt, for purposes of this proceeding only, from complying with Local Criminal Rule 49.1(a)(1) and that he may file his notices in paper form.

SO ORDERED. This the 24 day of June, 2015.

_James C. Fox_
James C. Fox
Senior United States District Judge